39295/01245MHW/SJG

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN J. TURVEY (#S-11978), | |
| Plaintiff, | |
| v. | |
| TARRY WILLIAMS, Warden, SERGEANT DURRANT, Correctional Sergeant, DR. OBAISI, Medical Administrator, C/O DEYOUNG, Correctional Officer, | Case Number 14 CV10332 |
| | Judge Manish S. Shah |
| Defendants. | Magistrate Judge Mary M. Rowland |

### SALEH OBAISI, M.D.'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, SALEH OBAISI, M.D., by and through his attorneys, CASSIDAY SCHADE LLP, and moves pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 for Summary Judgment and states as follows:

1. Plaintiff, a prisoner at the Lawrence Correctional Center ("LCC") filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging that SALEH OBAISI, M.D. ("Dr. Obaisi") acted with deliberate indifference because Plaintiff was unable to obtain a soy free diet while he was incarcerated at the Stateville Correctional Center ("SCC"). Plaintiff alleges that the soy content of his diet caused him to develop a number of medical conditions, including constipation.

2. As a threshold matter, Dr. Obaisi is entitled to summary judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997(e)(a). *See also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Illinois Administrative Code sets forth the procedures for inmates to exhaust their administrative remedies. 20 Ill. Admin. Rule § 504.800–870. Prior to filing this lawsuit, Plaintiff failed to provide the Illinois Department of Corrections Administrative Review

1

39295/01245MHW/SJG

Board with additional information it requested and needed to complete its review of Plaintiff's grievance concerning the soy in his diet. Therefore, Plaintiff's grievance concerning the soy in his diet was unexhausted at the time he filed this lawsuit, and summary judgment should be entered in favor of Dr. Obaisi.

       3.       Second, Dr. Obaisi had no personal involvement in Plaintiff's medical treatment. Section 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir. 1984). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The focus must be on whether any of the defendants had the personal involvement necessary to permit a finding of liability. *Id.* at 992. Here, Plaintiff testified that he has no idea what Dr. Obaisi looks like, and has never attended a medical appointment with Dr. Obaisi. Additionally, Dr. Obaisi has no involvement with developing the menus for inmate meals at SCC. Therefore, Dr. Obaisi had no personal involvement with Plaintiff's medical treatment, and summary judgment should be entered in his favor.

       4.       Third, even assuming Dr. Obaisi had some personal involvement, Plaintiff did not have an objectively serious medical condition. Plaintiff had a number of vague, non-specific medical conditions. The severity of these medical conditions never rose to the level of implicating the Constitution.

       5.       Fourth, Plaintiff does not have a Constitutional right to a soy-free diet. Moreover, there is no competent evidence that the Plaintiff was allergic to soy, or that the

39295/01245MHW/SJG

soy in Plaintiff's diet was the cause of his alleged medical conditions. Therefore, summary judgment should be entered in favor of Dr. Obaisi.

6. Defendant Dr. Obaisi attaches hereto, and files contemporaneously herewith, the following Exhibits:

<u>EXHIBIT 1</u>: Illinois Department of Corrections Inmate Status Report
<u>EXHIBIT 2</u>: Transcript of Plaintiff's Deposition
<u>EXHIBIT 3</u>: Affidavit of Dr. Saleh Obaisi
<u>EXHIBIT 4</u>: Affidavit of ARB Chairperson Sarah Johnson

7. Dr. Obaisi also attaches hereto, and files contemporaneously herewith, his Local Rule 56.1(a) Statement and Memorandum of Law in Support of his Motion for Summary Judgment.

8. Dr. Obaisi has also filed the required Local Rule 56.2 Statement to a *pro se* litigant.

WHEREFORE, Defendant, SALEH OBAISI, M.D., respectfully requests that this Honorable Court enter summary judgment in his favor pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, and grant such other relief as this Court deems equitable and just.

              Respectfully submitted,

              CASSIDAY SCHADE LLP

              By: <u>s/ Stephen J. Gorski</u>
                One of the Attorneys for Defendant,
                SALEH OBAISI, M.D.

Matthew H. Weller
Stephen J. Gorski
CASSIDAY SCHADE LLP
120 W. State Street – Suite 401
Rockford, IL 61101
(815) 962-8301
(815) 962-8401 – Fax
mweller@cassiday.com
sgorski@cassiday.com

3

39295/01245MHW/SJG

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2016, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. I further caused a true and correct copy of Saleh Obaisi, M.D.'s Motion for Summary Judgment to be served on Plaintiff by U.S. Mail as follows:

Pro Se:
Stephen J. Turvey, IDOC #S11978
Lawrence Correctional Center
10940 Lawrence Road
Sumner, IL 62466


Illinois Department of Corrections
100 West Randolph Street, Suite 4-200
Chicago, IL 60601



Dated: <u>March 14, 2016</u>　　　　　　　　　　　　　　　　By: <u>/s/Stephen J. Gorski</u>

Matthew H. Weller
Stephen J. Gorski
CASSIDAY SCHADE LLP
120 West State Street, Suite 401
Rockford, IL 61101
(815) 962-8301
(815) 962-8401 – fax